# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                       )
    v.      )      ID#s  2204011164, 2208009161,
                       )              2207015239
HASSAN-HASS EL-ABBADI,  )
                       )
    Defendant.      )
                       )

Date Submitted: November 27, 2023
Date Decided: February 7, 2024

## ORDER

Upon consideration of Defendant Hassan-Hass El-Abbadi's ("El-Abbadi") *Pro Se* Motion for Sentence Modification ("Rule 35(b) Motion"),[1] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record in this case, **IT APPEARS THAT**:

(1)    On June 5, 2023, El-Abbadi pled guilty to Burglary Second Degree (PN23-02-1849) and Stalking (IN23-02-1848) in the case ending in 1164 (the "A Case"); Non-Compliance with Bond Conditions (IN23-02-1908) in the case ending in 9161 (the "B Case"); and Non-Compliance with Bond Conditions (IN22-10-0295) in the case ending in 5239 (the "C Case").[2]

---

[1] D.I. 26A, D.I. 10B, D.I. 9C
[2] D.I. 20A, D.I. 5B, D.I. 4C.

(2)     On October 20, 2023, El-Abbadi was sentenced in all three cases.[3]

(3)     El-Abbadi's sentence in the A case is as follows: for Burglary Second Degree, 8 years at Level V suspended after 2 years, for 6 months Level IV DOC Discretion, followed by 6 months Level III GPS, followed by 12 months at Level III; and for Stalking, 3 years at Level V suspended after 2 years, for 1 year at Level III.[4]

(4)     El-Abbadi's sentence in the B Case is as follows: for Non-Compliance with Bond Conditions, 5 years at Level V suspended after 6 months, for 1 year at Level III.[5]

(5)     El-Abbadi's sentence in the C Case is as follows: for Non-Compliance with Bond Conditions, 5 years at Level V suspended after 6 months, for 1 year at Level III.[6]

(6)     In total, El-Abbadi was sentenced to 5 years of unsuspended Level V time.[7]  El-Abbadi did not file a direct appeal.

---

[3] D.I. 22A, D.I. 7B, D.I. 6C.
[4] D.I. 22A.  El-Abbadi's probation is to run concurrently.  *Id*.
[5] D.I. 7B.  El-Abbadi's probation is to run concurrently with the A Case, and he is ordered to pay a fine of $1,000.00 plus all surcharges and fees.  *Id*.
[6] D.I. 6C.  El-Abbadi's probation is to run concurrently with the B Case, and he is ordered to pay a fine of $1,000.00 plus all surcharges and fees.  *Id*.
[7] D.I. 22A, D.I. 7B, D.I. 6C.

(7)    On November 27, 2023, El-Abbadi filed the instant Rule 35(b) Motion.[8] He asks the Court grant him an immediate release from Level V.[9]  In support of his Rule 35(b) Motion, El-Abbadi states the following: he is a first-time felon, a father, a caretaker for his mother, a diesel mechanic, and the "ple[a] was cap[p]ed at 4 years."[10]  This is El-Abbadi's first Rule 35(b) Motion and it is timely.

(8)    Superior Court Criminal Rule 35(b) governs motions for modification or reduction of sentence.[11]  The purpose of Rule 35(b) is to "provide a reasonable period for the Court to consider alteration of its sentencing judgments."[12]  Rule 35(b) contains procedural bars for timeliness and repetitiveness.[13]  Under Rule 35(b), the "[C]ourt may reduce a sentence of imprisonment on a motion made within 90 days after the sentence was imposed" and will consider untimely motions "only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[14]  Furthermore, under Rule 35(b) "[t]he [C]ourt will not consider repetitive requests for reduction of sentence."[15]

---

[8] Def.'s Rule 35(b) Mot.
[9] Def.'s Rule 35(b) Mot.
[10] Def.'s Rule 35(b) Mot.
[11] Super. Ct. Crim. R. 35(b).
[12] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014).
[13] Super. Ct. Crim. R. 35(b).
[14] *Id.*
[15] *Id.*

3

(9)     Rule 35(b) places the burden of proof on "the movant to establish cause to modify a lawfully imposed sentence."[16]  Rule 35(b) motions are decided "without presentation, hearing or argument unless otherwise ordered by the [C]ourt."[17]  Although Rule 35(b) does not set specific criteria which must be met before the Court may grant a Rule 35(b) motion, "common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[18]

(10)     Pursuant to an agreement with the State, El-Abbadi pled guilty to Stalking, Burglary Second Degree, and two counts of Non-Compliance with Bond Conditions and, in exchange, the State entered a *nolle prosequi* on all other charges in Cases A-C.[19]  In accordance with Rule 11(c),[20] the Court personally addressed El-Abbadi in open court and determined that he understood the nature of the charges to which the plea was offered, the mandatory minimum penalty provided by law, and the maximum possible penalty provided by law.[21]  El-Abbadi acknowledged that by

---

[16] *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018).

[17] Super. Ct. Crim. R. 35(b).

[18] *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017).

[19] D.I. 20A, D.I. 5B, D.I. 4C.  Additionally, El-Abbadi had charges pending in both the Court of Common Pleas and Family Court, in accordance with the plea agreement, the State entered a *nolle prosequi* in those matters.  D.I. 20A, D.I. 5B, D.I. 4C.

[20] Super. Ct. Crim. R. 11(c).

[21] By statute and as listed on the Truth-in-Sentencing Guilty Plea Form, which he signed, El-Abbadi agreed to plead guilty, knowing he could be sentenced to a range of 6 months to 3 years at Level V for Stalking; 0 to 8 years at Level V for Burglary Second; and 0 to 5 years at Level V for each count of Non-Compliance with Bond.  D.I. 20A, D.I. 5B, D.I. 4C.  *See* 11 *Del. C.* § 1312(c)

taking the plea agreement he could be sentenced to a statutory maximum of 21 years at Level V and a $10,000 fine.[22] The sentences imposed by the Court are within that statutory range.

(11) El-Abbadi has failed to present any evidence that would warrant a modification or reduction of his sentences, and the sentences are appropriate for all the reasons stated at the time of sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Modification is **DENIED**.

/s/ Jan R. Jurden

Jan R. Jurden, President Judge

Original:    Prothonotary

cc:    Brianna M. Mills, DAG
       Hassan-Hass El-Abbadi (SBI# 00724418)

---

(classifying Stalking as a Class F Felony); *see also* 11 *Del. C.* § 4205(b)(6) (allowing for a maximum of 3 years to be served at Level V for a Class F Felony). *See* 11 *Del. C.* § 825 (classifying Burglary Second Degree as a Class D Felony); *see also* 11 *Del. C.* § 4205(b)(4) (allowing for a maximum of 8 years to be served at Level V for a Class D Felony). *See* 11 *Del. C.* § 2113(c) (allowing for a maximum of 5 years at Level V, or a fine of $5,000, or both, for not complying with bond conditions).

[22] D.I. 20A, D.I. 5B, D.I. 4C.